52 CCPA

**Hans SCHWARZKOPF, Appellant,**

v.

**JOHN H. BRECK, INC., Appellee.**

**Patent Appeal No. 7290.**

United States Court of Customs and Patent Appeals.

Feb. 11, 1965.

Michael S. Striker, New York City, for appellant.

James E. Archer, Stamford, Conn., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board (abstract 138 USPQ 691) dismissing appellant's opposition to the registration of a trademark on application serial No. 67,512, filed February 11, 1959, for "Hair Shampoos."

Applicant's mark consists of a double oval border of a thick outer line and a thin inner line, the oval having its long axis verticle. Inside the oval at the top is the silhouette of a girl's head facing to the left, underneath which and below the center of the oval are the words

CHILDREN
SHAMPOO

There is a disclaimer of record reading, "Applicant disclaims the words 'Children Shampoo' separate and apart from the mark as shown."

Opposer, Hans Schwarzkopf, a German Company of Hamburg-Altona, Germany, relies on two existing registrations, No. 627,141 of May 15, 1956, on a mark consisting solely of the silhouette of a woman's head looking to the left, for shampoo, and No. 317,195 of September 18, 1934, on a mark consisting of two silhouettes of women's heads spaced apart and facing each other between which is the word "Hairgloss." The latter mark is said by the board (the registration not being of record) also to be for shampoo.

Appellee's brief concedes that the products of the parties would be sold in the same channels of trade to the same class of purchasers and also that if there is any doubt as to the correct decision in this case it should be resolved against it.

Appellant suggests that we treat the issue as though it involves only an application to register the silhouette portion of the mark, referring to the disclaimer and also to a passage in the stipulation of facts reading:

"Said application [appellee's] is one for trade mark registration of the silhouette of a human head, which silhouette is used by applicant to designate the John H. Breck, Inc. hair shampoo products."

As to the disclaimer, this does not have the effect of removing from the mark sought to be registered, or from our consideration, the words "CHILDREN SHAMPOO." It disclaims only

any *exclusive* right in those words *per se*. Appellant seems to recognize this in the following passage in its brief:

 "It is of course well established that disclaimed material forming part of a trademark cannot be ignored in determining whether the marks are confusingly similar. Sleeper Lounge Co. v. Bell Manufacturing Co. (9th Circuit) 253 F.2d 720, 117 USPQ 117."

We agree with that statement. With respect to the passage in the stipulation entered into by the attorneys, the record shows what the mark sought to be registered is and facts cannot be stipulated to be other than what they are shown by the record to be. We therefore treat the mark as we have described it at the beginning of this opinion.

The sole issue is as stated by the board:

"The only question for consideration is whether or not, as used on shampoos, applicant's mark so resembles the marks of opposer as to be likely to cause confusion or to cause mistake or to deceive."

The board gave as reasons for deciding that issue in the negative its view that the marks of the parties are readily distinguishable, opposer's silhouettes being of a woman while applicant's is obviously intended to be that of a child, and the fact that the representation of a human head is "obviously of a highly suggestive nature" in connection with a shampoo and necessarily entitled only to protection of limited scope as a trademark.

██ We agree with the board and do not feel that the mere inclusion in appellee's mark of a silhouette of somewhat different appearance from those in appellant's marks would be sufficient to make confusion, mistake, or deception likely within the meaning of section 2(d) of the Trademark Act of 1946, as amended (15 U.S.C. § 1052(d)).

The decision of the board is affirmed.

Affirmed.