59 CCPA

**INDUSTRIA ESPANOLA de PERLAS IMITACION, S. A., and Trifari, Krussman and Fishel, Inc., Appellants,**

v.

**NATIONAL SILVER COMPANY, Appellee.**

**Patent Appeal No. 8733.**

United States Court of Customs and Patent Appeals.

May 25, 1972.

---

Pennie, Edmonds, Morton, Taylor & Adams, New York City, attorneys of record, for appellant; Hubert G. Moore, Jr., James G. Foley, George F. Long, III, New York City, of counsel.

William R. Liberman, New York City, attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges,. and CLARK, Justice (Ret.), United States Supreme Court, sitting by designation.

ALMOND, Judge.

This is an appeal by Industria Espanola de Perlas Imitacion, S. A. (Industria) and Trifari, Krussman and Fishel, Inc. (Trifari) from a decision of the Trademark Trial and Appeal Board [1] dismissing appellants' opposition. Ap-pellants contend that appellee's (National Silver Company, hereinafter National) trademark, consisting of a crest design with display of the term "MAJOR-CA" along with PERLAS AMANTE, for manufactured pearls is likely to cause confusion with appellants' pre-viously used and registered marks "MA-JORICA," "MAJORICA" on a ribbon design, and a crest design, frequently shown in association with the mark "MAJORICA," as applied to various arti-cles of jewelry, including imitation pearls and imitation pearl necklaces.

The record reflects that Industria has for many years manufactured, sold and advertised in various countries, includ-ing the United States, imitation pearls, various articles of jewelry containing imitation pearls, and related goods, all identified by the trademark MAJORICA in various forms and combinations. In-dustria is the owner of three validly subsisting registrations for its goods, namely:

MAJORICA.[2]

**MAJORICA PEARLS on a ribbon design:** [3]

**A crest design:** [4]

[A5826]

---

1. 163 USPQ 482 (1969).

2. No. 713,498, registered April 4, 1961, for unstrung imitation pearls, imitation pearl necklaces, earrings, bracelets, pins and brooches.

3. No. 713,499, registered April 4, 1961, for goods same as in footnote 2.

4. No. 807,795, registered May 3, 1966, also for goods same as in footnote 2.

The mark sought to be registered by National is a crest design incorporating and featuring the term "MAJORCA" in block letter form as well as the words "PERLAS AMANTE" for manufactured pearls. The mark which National seeks to register is depicted as follows:

[A5825]

In response to a requirement by the examiner, National disclaimed the term "MAJORCA."

Appellants introduced testimony establishing the commercial success of Industria's quality goods identified by its nationally and internationally known trademark MAJORICA. Appellants' witness, Krussman, president and treasurer of Trifari, testified that the goods identified by the trademarks MAJORICA, alone and in association with the crest design, were sold and continue to be sold to nationally known department stores and high-quality specialty shops throughout the United States and that such goods are among the finest imitation pearls extant.

Since June 1964, when Trifari became the exclusive United States licensee of the mark MAJORICA, to the end of 1967, sales of its goods in the United States approximated $2,500,000. During that period of time Trifari expended in excess of $250,000 in advertising and promotion of its imitation pearls, pearl necklaces and related goods identified by prominent display of the mark MAJORI-CA in various forms including the crest design.

We think the record establishes that, as a result of this widespread and extensive use and promotion, Industria's registered trademark MAJORICA has become well known to the consuming public. This conclusion finds further support in the fact that the mark MAJORI-CA alone and in association with the crest design has been prominently featured and displayed in many retail outlets, and by them advertised in national magazines such as *The New Yorker, Vogue, Harpers* and *Women's Wear Daily*.

National is an importer of approximately 3,000 items of housewares and giftwares from various parts of the world. It imports imitation pearls from the island of Majorca, Spain and sells these simulated pearls in grocery stores and like outlets under the mark which it seeks to register. The individual pearls, which sell for approximately ten cents, are placed in packets which also contain a threader kit and a stringing and knotting kit for making a necklace. The mark sought to be registered appears on the back of the kit and on the front there appears illustrative material along with the notation "Perlas Amante (Sweetheart Pearls) from the Isle of Majorca, Spain." It advertises its pearls through cooperative mailing pieces with retailers including Vons and Shopping Bag Markets. An advertisement shows the mark sought to be registered and the notation "Perlas Amante Pearls (Sweetheart Pearls)."

The board noted that priority of use of MAJORICA and the crest design resided with appellants (opposers); however, it was of the view that appellee was using the term MAJORCA to inform the public that its simulated pearls came from the island of Majorca, Spain and that appellants' registered mark MAJORICA was an "obvious play on this geographic designation." Additionally, the board concluded that:

* * * regarding applicant's mark and the crest mark shown in In-

dustria's registration, it is our opinion that while both marks embody a crest design they are readily distinguishable in their essential characteristics.

■ We are unable to agree with the conclusions reached by the board. Notwithstanding appellee's disclaimer of the term, we are of the view that appellee's use of the term MAJORCA is in the manner of trademark use The term MAJORCA is independently displayed with outstanding visual prominence and in the same size lettering as the remainder of National's mark PERLAS AMANTE. The term MAJORCA is the most easily pronounceable word therein. To the purchasing public it would be the most readily recognized and remembered term of identification for appellee's goods. We are persuaded that National intended to use the term MAJORCA in trademark context and manner as evidenced by the fact of its prominence in comparison with the diminutive and hardly discernible words "Isle of" and "Spain."

■ We are persuaded that the concurrent use of marks MAJORICA and MAJORCA as applied to, in part, identical goods, such as manufactured pearls and imitation pearls and imitation pearl necklaces, would be likely to cause confusion inasmuch as the two marks are all but phonetically and visually indistinguishable. It is clearly apparent that the two words have ocular similarity. Even a discerning purchaser viewing the marks separately in the market place would be likely to confuse one with the other. In an audio sense, MAJORICA and MAJORCA are all but identical. We think it not at all unlikely that confusion would occur when those interested in simulated pearls discussed, as we think they would, these products as MAJORICA and MAJORCA pearls.

With reference to the disclaimer of the term MAJORCA in National's application, we are not persuaded that from the standpoint of assessing the commercial impact in the market place the disclaimer bears any relevancy. This view was recognized and succinctly stated in Ex parte Maya de Mexico, 103 USPQ 158 (Com.Pat.1954):

* * * it is the *unit* which creates the commercial impression upon potential purchasers. They *neither know nor care whether or not a part of the mark is disclaimed. * * * Disclaimers have no effect upon purchasers.* They do not know about "disclaimers," "dominant portions" or "distinguishing features". They are impressed by the mark as they see it or hear it, and they do not ordinarily stop to analyze it. [Emphasis added.]

■ It is well settled that the question of likelihood of confusion is to be resolved upon a consideration of the marks in their entireties. Disclaimed material forming part of a trademark cannot be ignored in determining whether the marks are confusingly similar. Schwarzkopf v. John H. Breck, Inc., 340 F.2d 978, 52 CCPA 957 (1965).

■ The record here, in our view, supports the conclusion that a likelihood of confusion would result from the concurrent use of appellants' mark MAJORICA and National's dominant use of the term MAJORCA. Our decision is bolstered by the fact that the composite mark *incorporating the term MAJORCA* within a crest design is similar to Industria's crest design which is frequently displayed in association with appellants' word mark MAJORICA. While it is true that there are perceptible differences between the crests apparent upon close inspection, both consist of shields with embroidered patterns on each of their four sides and with horizontal subdivisions having three pictorial units appearing at or near the center of the shield. We must conclude, therefore, that the cumulative impression created by the simultaneous use of MAJORICA and MAJORCA in association with the crests of the respective parties would be such that the average purchaser would be likely to be confused. In reaching this conclusion, we are mindful of the settled principle that one who adopts a mark similar to the mark of another for closely related goods acts at his peril,

and any doubt there might be is resolved against him. Carlisle Chemical Works v. Hardman & Holden, 434 F.2d 1403, 58 CCPA 751 (1970).

We, therefore, reverse the decision of the board.

Reversed.